USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 7/11/14

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
DR. HENRY ERLE CHILDERS IV, ET AL.,                         :
                                    Plaintiffs,             :
                                                            :   13 Civ. 5414 (LGS)
            -against-                                       :
                                                            :
THE NEW YORK AND PRESBYTERIAN                               :
HOSPITAL, ET AL.,                                           :
                                    Defendants,             :
                                                            :
------------------------------------------------------------X
                                                            :
DR. LORI SIMON, ET AL.,                                     :
                                    Plaintiffs,             :
                                                            :   13 Civ. 5899 (LGS)
            -against-                                       :
                                                            :
THE NEW YORK AND PRESBYTERIAN                               :
HOSPITAL, ET AL.,                                           :   **OPINION AND ORDER**
                                    Defendants,             :
                                                            :
------------------------------------------------------------X

LORNA G. SCHOFIELD, United States District Judge:

    Before the Court is New York and Presbyterian Hospital's (the "Hospital") Motion for Partial Reconsideration of the Court's June 23, 2014, Motion to Dismiss Order ("Motion to Reconsider").  For the reasons discussed below, the Motion to Reconsider is denied.[1]

    Also before the Court is a letter from the Hospital requesting a pre-motion conference to move for an order that the Court certify for immediate appeal whether 28 U.S.C. 7422 ("§ 7422") preempts the current actions ("Request to Certify").  For the reasons discussed below, this request is also denied.

---

[1] The Hospital's request for oral argument on its Motion to Reconsider is also denied.

I.       **Background**

Drs. Henry Earle Childers, IV and George Bino Rucker, on behalf of themselves and others similarly situated filed their complaint against the Hospital on August 2, 2013, alleging fraud, constructive fraud, breach of fiduciary duty, negligent misrepresentation, negligence, breach of contract and unjust enrichment.  Drs. Lori Simon, Bezalel Dantz, Peter Hahn and Tracey Marks, on behalf of themselves and others similarly situated filed their complaint against the Hospital on August 21, 2013, alleging breach of fiduciary duty and unjust enrichment.  On October 9, 2013, the two cases were consolidated for pre-trial purposes.

On October 31, 2013, the Hospital moved to dismiss both complaints in their entirety under Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction and, in the alternative, under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim ("Motion to Dismiss").  On June 23, 2014, the Court issued an Opinion and Order denying the Hospital's Motion to Dismiss as to all claims, except the breach of contract claim ("Opinion").  On July 7, 2014, the Hospital filed its Motion to Reconsider and its Request for a Pre-Motion Conference.

II.      **Standard of Review**

   A.  **Motion for Reconsideration**

The standard for granting a motion for reconsideration "is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked – matters, in other words, that might reasonably be expected to alter the conclusion reached by the court."  *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). "The major grounds justifying reconsideration are an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992) (internal quotation marks omitted).

"[A] motion to reconsider should not be granted where the moving party seeks solely to relitigate an issue already decided." *Shrader*, 70 F.3d at 257. "A party seeking reconsideration is not supposed to treat the court's initial decision as the opening of a dialogue in which that party may then use such a motion to advance new theories or adduce new evidence in response to the court's rulings." *Wechsler v. Hunt Health Sys., Ltd.*, No. 94 Civ. 8294, 2004 WL 2210261, at *2 (S.D.N.Y. Sept. 30, 2004) (internal quotation marks omitted). "The motion to reconsider cannot properly advance new facts, issues or arguments not previously presented to the court." *Id.* (internal quotation marks omitted).

### B. Request to Certify

A district court should not certify an interlocutory order for appeal unless: (1) the order "involves a controlling question of law" (2) "as to which there is substantial ground for difference of opinion," and (3) an immediate appeal "may materially advance the ultimate termination of the litigation. . . ." U.S.C. § 1292(b). "A controlling question of law exists if: (1) reversal of the district court's opinion could result in dismissal of the action, (2) reversal of the district court's opinion, even though not resulting in dismissal, could significantly affect the conduct of the action, or (3) the certified issue has precedential value for a large number of cases." *In re Lloyd's Am. Trust Fund Litig.*, No. 96 CIV. 1262, 1997 WL 458739, at *4 (S.D.N.Y. Aug. 12, 1997).

Certification is to be "strictly limited to the[se] precise conditions. . . ." *Gottesman v. Gen. Motors Corp.*, 268 F.2d 194, 196 (2d Cir. 1959). Moreover, "even if the order qualifie[s] for certification under 28 U.S.C. § 1292(b), the certification decision is entirely a matter of discretion for the district court. . . ." *In re Roman Catholic Diocese Inc.*, 745 F.3d 30, 36 (2d. Cir. 2014). The Second Circuit "urge[s] the district courts to exercise great care in making a § 1292(b) certification." *Westwood Pharm., Inc. v. Nat'l Fuel Gas Dist. Corp.*, 964 F.2d 85, 89 (2d Cir. 1992).

3

Certification under § 1292(b) "is to be used only in exceptional cases where an intermediate appeal may avoid protracted and expensive litigation and is not intended to open the floodgates to a vast number of appeals from interlocutory orders in ordinary litigation." *Telectronics Proprietary, Ltd. v. Medtronic, Inc.*, 690 F. Supp. 170, 172 (S.D.N.Y.1987) (citation omitted).  Section 1292(b) was "not intended as a vehicle to provide early review of difficult rulings in hard cases."  *German v. Fed. Home Loan Mortg. Corp.*, 896 F. Supp. 1385, 1398 (S.D.N.Y. 1995).

### III. Discussion

#### A. Motion for Reconsideration

The Hospital contends that the Court overlooked (1) "controlling law . . . mandating dismissal . . . for lack of subject matter jurisdiction"; (2) the fact that "an employer's duty to file for FICA refunds on behalf of employees, and to notify employees, only arises if the employer actually files for the FICA refund"; and (3) "controlling law" holding that Plaintiffs were required to plead "that they acted with diligence and still could not have discovered their claims."  Because the Hospital fails to point to any "controlling decisions . . . that might reasonably be expected to alter the conclusion reached by the court[,]" the Court finds the Hospital's contentions to be without merit, and the Hospital's Motion to Reconsider is denied. *Shrader*, 70 F.3d at 257.

##### i. Subject Matter Jurisdiction

First, the Hospital contends that the Court overlooked controlling precedent in concluding that these actions are not preempted tax refund suits and therefore subject matter jurisdiction exists.  This contention lacks merit.  The vast majority of the Hospital's arguments on this issue are the same arguments that it raised in its Motion to Dismiss and that the Court considered thoroughly in the Opinion.  The Court will not rehash all of those arguments here.

4

The Hospital argues that the Court "ignored uniform authority in this Circuit rejecting attempts to sue private tax collectors based upon allegedly separate tortious conduct when plaintiffs seek to recover taxes paid. . . ." The Court did not ignore any such authority. First, none of the cases cited by the Hospital are controlling on the Court, as they are either out of the jurisdiction or district court opinions. Moreover, as the Court has already explained in the Opinion, the instant actions are readily distinguishable from the cases cited by the Hospital because in all of the cases cited, the defendants' alleged independent torts were based directly on their collection of taxes, while here, the Hospital's alleged independent wrongdoing is based on later, independent actions and omissions. *See Childers v. N.Y. & Presbyterian Hosp.*, 13 CIV. 5414 (LGS), 2014 WL 2815676, at *6 (S.D.N.Y. June 23, 2014).

The Hospital also argues that the Court erred in holding that Plaintiffs do not seek to hold the Hospital liable for any action that the IRS required it to take, arguing that the IRS required the Hospital to decide whether or not to file FICA refund claims and therefore its alleged wrongdoing arose "precisely because the IRS put the Hospital in the position of tax collector." This argument misunderstands the holding and relies on the faulty premise that the alleged wrongdoing in these actions is "the Hospital's compliance with the IRS procedures for not pursuing a refund claim for itself. . . ."

The Opinion is clear in holding that the Hospital's alleged wrongdoing was not its decision to refrain from filing FICA refund claims in the first instance, but its decision to enter into the 1999 tax settlement with the IRS ("Settlement"), thereby gaining valuable consideration in exchange for – in effect – compromising Plaintiffs' refund claims. *See*, *e.g.*, *id.* at *17 ("As it has been established that the Hospital had no initial duty to act on Plaintiffs' behalf with regard to their tax refunds, the alleged wrongful act and/or breach took place . . . when the Hospital negotiated and entered into the Settlement in 1999."). IRS regulations did not require the

Hospital to enter into the specific terms of the Settlement or to bargain with refunds connected to Plaintiffs in its negotiation of the Settlement.

### ii. Breach of Fiduciary Duty

Next, the Hospital contends that the Court's holding regarding the fiduciary duty claim overlooked the fact that the Internal Revenue Code ("Code") obligates an employer to file on behalf of its employees only if the employer actually files for a FICA refund. This contention also lacks merit. The Hospital argues that there is not a Code provision concerning a "de facto refund" and that the Court "ignored established authority cautioning courts against creating new tax obligations. . . ."

However, the Opinion does not hold that there is such a Code provision, nor does it create any tax obligations. The Opinion merely acknowledges that receiving monetary benefit – directly from the IRS – in exchange for agreeing not to file for a refund is analogous to actually receiving a refund. Moreover, the Opinion held only that the allegations concerning this claim were sufficient to survive a motion to dismiss and reserved decision on the existence and extent of any fiduciary duty for a later stage of litigation. *See id.* at *12 ("Here, it would be premature to decide whether the Hospital assumed a fiduciary duty when entering into the Settlement because all of the relevant facts regarding the Settlement and its negotiations have not been discovered and considered.").

The Hospital also argues that the Court's ruling "exposes employers to private suits whenever they fail to pursue any possible refunds or . . . advise their employees about them if the employer benefitted from such a decision, for instance, by saving the tax preparation fees or mailing costs." This is incorrect and mischaracterizes the Opinion. The Hospital incorrectly states that the Opinion held that an employer assumes a fiduciary duty to employees whenever it "conceivably benefits" from not filing a refund and that it "impos[es] a new fiduciary duty

6

requiring employers to advise employees of their decision to not seek refunds if the employer derives any benefit from that decision. . . ."

The Hospital conflates receiving "*any* benefit" with receiving a "de facto refund." In the instant case, the benefit gained by the Hospital was monetary and came directly from the IRS as a result of a bargained-for exchange. This is in no way analogous to an employer who decides, for example, not to file for a refund due to administrative costs or challenges, and in fact is more analogous to an employer who actually files for a refund. *See id.* at *11. Moreover, as explained in the Opinion, the benefit gained by the Hospital likely included value from the IRS in consideration of *Plaintiffs'* potential claims, which would not be the case if an employer simply decided not to file for a refund without bargaining with the IRS. *See id*.

### iii. Statute of Limitations

The Hospital also contends that the Court overlooked controlling authority by holding that Plaintiffs need not plead facts concerning their due diligence to support equitable tolling of the statutes of limitations. This contention likewise lacks merit. The Hospital argues, citing *Koch v. Christie's Int'l PLC*, 699 F.3d 141, 157 (2d Cir. 2012), that where the pleading shows that the statute of limitations has run, plaintiffs must allege a factual basis for equitable tolling in the pleadings. Here, however, Plaintiffs have pled a factual basis for equitable tolling, as they have pled that the Hospital concealed from them the existence and the terms of the Settlement.

The Hospital argues that Plaintiffs also needed to plead facts showing that they performed reasonable diligence because they "could readily have ascertained if FICA refund claims had been filed simply by asking the Hospital or the IRS." However, as discussed above, Plaintiffs' claims are based not only on the Hospital's failure to file FICA refund claims, but also on its execution of the Settlement. The Hospital's failure to file FICA refund claims on its own would not give rise to Plaintiffs' claims. Therefore, Plaintiffs have pled a basis for establishing that they could not, even through diligence, have found out about their claims any earlier.

7

Unlike in the cases cited by the Hospital, nothing in the record here shows that Plaintiffs should have uncovered the Hospital's alleged wrongdoing, i.e., entering into the Settlement, before they did. Therefore, as the Court previously held, a decision regarding whether tolling is appropriate and for how long will need to be made on a full factual record. *See Childers*, 2014 WL 2815676, at *17.

The Hospital's argument concerning the fraud discovery accrual rule similarly fails because it ignores the fact that Plaintiffs' claims are based on the Hospital's entering into the Settlement. The Hospital argues that Plaintiffs were on inquiry notice of the alleged fraud in March 2010, when the IRS announced that those residents and hospitals that filed protective claims were eligible for refunds. However, nothing about this announcement would have put Plaintiffs on inquiry notice about the Settlement, which is the core of the alleged fraud.

The Hospital relies on *Koch*, 699 F.3d at 156, for the proposition that "where the facts would suggest the probability of fraud to a reasonably intelligent person, failure to investigate will prove fatal to the plaintiff's claim. . . ." However, Plaintiffs did not learn about the terms of the Settlement until 2013. Therefore, it is certainly possible that Plaintiffs could not have discovered, even through diligence, the alleged fraud until then, and, as the Court previously held, whether they could have will need to be determined on a full record. *See Childers*, 2014 WL 2815676, at *17.

### B. Request to Certify

The Hospital requests a pre-motion conference to move for an order that the Court certify for immediate appeal whether § 7422 preempts the current actions. This request is denied.

The Opinion is not the "exceptional case" meeting the standard for certification. While the Opinion does "involve[] a controlling question of law[,]" the Court finds that there is not "substantial ground for difference of opinion" on the issue and that an immediate appeal would not likely "materially advance the ultimate termination of the litigation. . . ." U.S.C. § 1292(b).

8

While the jurisdictional issue presented was novel, § 1292(b) was "not intended as a vehicle to provide early review of difficult rulings in hard cases." *German*, 896 F. Supp. at 1398. Moreover, "certification . . . is entirely a matter of discretion for the district court," and the Court declines to certify in this case. *Roman Catholic Diocese*, 745 F.3d at 36.

The Hospital argues that the Court's ruling on the jurisdictional issue will open the door for other former medical residents "to sue the numerous other hospitals that did not file FICA refund claims[]" and that the Opinion "invite[s] plaintiffs to circumvent Section 7422's preemption of suits against private tax collectors . . . simply by converting the claim into one for a failure to file for a tax refund or advise employees to do so." This is incorrect and mischaracterizes the Opinion.

As discussed above, the Opinion is clear in holding that the Hospital's liability did not stem solely from its decision to refrain from filing FICA refund claims in the first instance, but also from its decision to enter into the Settlement and gain valuable consideration in exchange for giving up the right to file those claims. *See*, *e.g.*, *Childers*, 2014 WL 2815676, at *17 ("As it has been established that the Hospital had no initial duty to act on Plaintiffs' behalf with regard to their tax refunds, the alleged wrongful act and/or breach took place . . . when the Hospital negotiated and entered into the Settlement in 1999.").

The Hospital also argues that the Opinion held that an employer assumes a duty to employees whenever it "receives a benefit" from not filing a refund. As discussed above, this is incorrect, as the Hospital (1) conflates receiving *any* benefit with the specifics of what happened here and (2) ignores that the benefit gained by the Hospital likely included value specifically in consideration of Plaintiffs' own potential claims.

The Hospital's remaining arguments are the same arguments that the Hospital raised in the Motion to Dismiss and that the Court considered thoroughly in the Opinion. Accordingly, the Hospital's Request to Certify is denied.

9

**IV.     Conclusion**

For the reasons discussed above, the Hospital's Motion to Reconsider is DENIED; the Hospital's request for oral argument is DENIED; and the Hospital's Request to Certify is DENIED.

The Clerk of Court is directed to close the motion at docket number 40.

SO ORDERED.

Dated: July 11, 2014
     New York, New York

                                         _____
                                         LORNA G. SCHOFIELD
                                         UNITED STATES DISTRICT JUDGE